Are you ready, Mr. Browning? Thank you, Your Honor. May it please the Court, my name is Paul Browning, and I represent the appellant, Mr. David S. Dills. In the decision below, the Veterans Court improperly construed 38 United States Code, Section 5107A, to deny Mr. Dills' claim for service connection. More specifically, the Veterans Court improperly construed Mr. Dills' responsibility under Section 5107A to present and support his claim for benefits, applying an erroneously high evidentiary standard to reject Mr. Dills' nexus evidence outright, that is, his evidence connecting his frostbite incurred during service in Korea with the arthritis that he suffered from over the last 30 years and continues to suffer from today. Mr. Dills' burden under Section 5107A, as properly construed, was minimal. Mr. Dills was merely required to make some showing— How minimal can it be and still constitute some showing that is above mere speculation? I'm concerned here that there is precious little, if anything, that indicates a real nexus. The medical opinions do appear to be equivocal and say, well, perhaps. Is that strong enough? Well, the medical opinion at issue is, in fact, very plausible in support of Mr. Dills' claim. In the language this Court has interpreted in prior decisions, what is the claimant's initial burden under 5107A? I would refer this Court to Ms. Hensley v. West's opinion. And the decision established that that burden is minimal and the threshold is the claim needs to be possible or plausible or capable of substantiation. And I hope that answers Your Honor's question. So the question is, has the veteran come forward with sufficient evidence to show the claim is a possible one? It can't be remote speculation, but it has to show some possibility of success in the merits. And this Court, the Veterans Court, has looked to similar standards in district courts for a judgment on the pleading or a 12b-6. And what the Veterans Court should have done here, but did not, was to look at Mr. Dills' showing and apply all presumptions in Mr. Dills' favor to see if he'd come forward with some initial showing, a prima facie showing, that he was entitled to the benefits. But doesn't there have to be something to give him the benefit of the doubt on? I think that's what my colleague is asking. Well, I think that the benefit of the doubt goes to the analysis under Section 5107B. And I think that would be a separate question. Here, the Veterans Court quite clearly decided under Section 5107A and contended that it never reached the analysis under 5107B. Under 5107A, the benefit of doubt really isn't an issue. The question is whether the claimant has satisfied this very initial burden of just some showing. You're not asking us to review the evidence and make a determination of whether the lower court got it right or wrong, right? With regard to these two pieces of evidence. I think as implied in the question, Judge Mark, obviously we cannot do so by not asking the court to do that. Okay. So since we can't do that jurisdictionally, and you agree, don't you, that A has some standard. The claimant has to come forward with something, whatever that standard ought to be. It has to come forward with something. Absolutely. Yes, Your Honor. And if the court below determined it didn't meet that standard and we can't look to see whether or not we would agree, then how is there anything for us to reach here? I would interpret your question as asking whether I'm just arguing with an application of law to fact. And my position is no, that's not what we're arguing here. Here, it wasn't a question of whether under these particular circumstances this evidence would meet the correct standard. Here, the court applied the wrong standard. The Veterans Court made a categorical statement that equivocal medical testimony cannot meet. That's a categorical statement not specifically applied to these facts. And it's a wrong categorical statement. Equivocal medical evidence would mean possible but maybe not possible. The standard that's set out by this court is possible. Here, the evidence was very possible. So clearly, Mr. Dills, again, you can't look to what should have done, the court should have done under the facts. But clearly, the court erred here in applying the wrong evidence for a standard under Section 5107A. And if I may, what I'd like to point out is that this gets so difficult. My mother dropped me when I was a baby, and I have headaches today. I'm sure that a doctor would say, well, it's possible. At what point does that become speculative? Well, there really is a question for the Veterans Court. But what I would say is here the evidence is very possible. To the extent there is some question required for the development of the record, that really that burden is on the government. The way the evidentiary framework is set up is because the veterans' laws are very sympathetic to the veteran. Because the veteran only has a very limited initial show that he needs to make just to show that his claim is plausible, capable of substantiation. At that point, the burden shifts to the government. It's very clear, and this court has held to that extent under Ortiz, that the government bears the risk of non-persuasion. To the extent the government doesn't further develop the record, then yes, the claim can prevail under this very initial showing. And here, I would submit that's exactly what happened. But you do agree that the court below the board, they have to somehow weigh the evidence in order to reach a determination under 5107A, right? In order to determine whether the veteran is satisfied. They have to review the evidence and weigh it somehow. Your problem is that the standard they applied, it's as though they used beyond a reasonable doubt when they should have used preponderance of the evidence. Am I understanding you? I think that's correct. The one clarification I would say is one of the other errors that the court made here was it didn't just analyze Mr. Dill's evidence. Clearly it has to look to Mr. Dill's evidence to see if he's met his initial burden. Here, the Veterans Court went beyond that to critically analyze his evidence and discount it. And that was an error. What the court should have done was sympathetically accepted his evidence, his property as true. The trouble I'm having, Mr. Browning, is that anything is possible. But that's not an evidentiary standard, is it? Well, that is this court's standard. Anything is possible? As long as it's possible. My mother dropped me, and that's why I have a headache. Again, here the evidence of record is very possible, which is clearly beyond just possible. But the standard I step forth intensely and refer the court to that case, which bears a striking resemblance to this case. Well, didn't Dr. Franks, in fact, say there's no way of proving one way or another, but it's a possibility? And again, the Veterans Court— There's no way of proving one way or another. That's right. That's kind of my point, that anything is possible. And he's saying nobody can prove it, but anything's possible. That's an important point, is the veteran does not need to prove his claim at the outset under 5107A. As long as he says anything is possible. In other words, this threshold test disappears completely. As long as the doctor will say anything is possible, which they have to say, because anything is possible, then there is no evidentiary cutoff here. I think if the testament here was anything is possible, I don't know, then granted, Mr. Dills probably— That's pretty close to what was said here, isn't it? There's no way I can prove one way or another, but it's possible. With respect, I disagree. The testimony was very possible. And the doctor was honest in that it's very hard to prove things to a medical certainty, which he said.  You keep relying on Hensley and these other cases, but those are pre-VCAA, when 75107 had the well-grounded complaint language in it, which Congress made clear was a very low bar. And they changed the language to remove that, thereby instituting a higher bar on the veteran, didn't they? Well, I'm glad you raised that question, Judge Moore. I would disagree with that point completely. I think the best evidence is actually the legislative history evidence that the government cited in their brief. They cited to the Senate committee report in its discussion of 5107A. But if you look at that Senate committee report, which I would invite the court to do, at the time that it was produced, Congress was considering raising the evidentiary bar for a veteran. They made it a lower bar and said the VA has to get involved and assist. With respect, Your Honor, I would say that they maintained the bar that was already in existence. Congress is presumed to be legislating against the existing backdrop of law. If you look at the language in the Senate committee report, the language under consideration was a claimant shall have the burden of proof in establishing entitlement to benefits. That language didn't make it into the final statute. Clearly, Congress considered putting the burden of proof on the claimant and decided against it. But they eliminated the well-grounded claim rule. Yes, Your Honor, they did. But they retained Section 5107A. Right, but they eliminated that rule. Well, Your Honor, what I would say is that prior Section 5107A had really two components to it. In one sense, it acted as a gatekeeper to see if the veteran had come forward with sufficient evidence to make out a crime and face a case. And it also set the triggering for the duty to assist at that point. And what Your Honor is referring to is removal of that trigger for the duty to assist. But otherwise, Congress left in place 5107A. And I would invite the Court to compare old 5107A and B versus new 5107A and B. And if anything, it's apparent that Congress was very concerned about lowering, if anything, the burden of proof or the burden to make a showing on the claimant. And before I run out of time, I really would like to point out that this case is entirely similar to this Court's decision in the Hensley case. And I'd invite the Court to look at the Hensley case and to look at the lower court decision, or excuse me, the CIPC's decision in the Hensley case. And there, the very same issue was implied. The Veterans Court had rejected Mr. Hensley's nexus evidence, saying there was no evidence of record. And what the Veterans Court had done was critically analyze that evidence at the outset to reject it, and among other reasons, because it was equivocal. And with the Court's indulgence, I'd like to point out the critical section of the opinion. The citation is 212F3-1255. And I would direct the Court to page 1264, where the Court discussed two pieces of evidence, a manual put together by the VA and also medical opinion testimony of Dr. Howe. And the Veterans Court had rejected the Veterans at Risk Report because it did not establish a conclusive connection or a concrete causal connection. The Veterans Court had also similarly rejected testimony by Dr. Howe because it did not explicitly state that Mr. Hensley's exposure to mustard gas is related to his present condition. This Court, in reviewing that case, said, these statements indicate that the Court of Appeals for Veterans Claims erroneously applied a standard considerably more stringent than the correct plausible, possible, or capable of substantiation standard. This case is entirely similar to the Hensley v. West case. So you come down on the side of possible. Your Honor, the case law establishes there's a line of case law at the Court of Appeals for Veterans Claims and also this Court, including Hensley. And the standard is possible, plausible, or capable of substantiation. So what type of evidence would be offered if we sent this case back? Well, it's hard for me to predict what would be offered. But what I would say is under a fair assessment of the record, the Veterans Court should have accepted at face value Mr. Dill's proffered evidence and then looked at the record to see if the government had satisfied its burden of persuasion. Capable of substantiation? Yes. The doctor said there's no way to prove one way or another. The one you're relying on. Yes. How is that capable of substantiation? He does not need to. And I know this is facts. We're not even going into that. The question is proved to an absolute certainty. I would submit that the doctor was being candid and that it's hard to prove the nexus to an absolute certainty. Here the veteran, or here the overall burden of persuasion. He said there's no way of proving one way or the other. But it's a possibility. It's a question of what the doctor meant by proof. I would interpret that as no way of proving to a certainty. Clearly, the veteran does not have to show that it's an absolute medical certainty. So you think the well-grounded complaint idea survived the VCAA in 2000, continues to exist in 5107A? Yes, Your Honor. So why doesn't that then trigger when the VA has a duty to assist? Well, Congress made clear that it removed that trigger. That language was removed from Section 5107A. And it's abundantly clear from the legislative history and the language of the amended statute that one of Congress's main concerns was removing that trigger. So I think that point is clear. Why shouldn't 5107A and B be read together? A and B read together? Yes, to establish the standard that the veteran must meet in order for the case to go forward. I think in some sense they should be, but in some sense they shouldn't. 5107A still retains an essential function, I would submit, as a gatekeeper. If the veteran cannot make the primary case you're showing, then the government doesn't bear the risk of non-persuasion. That's a very important point. So a case that's just flat-out impossible will never be substantiated. The government doesn't have to invest substantial resources in making sure it can satisfy its burden of non-persuasion. I want to save some of your rebuttal time, Mr. Browning. Thank you, Your Honor. Ms. Kirchner. May it please the Court. There is no need for this Court to decide the legal issue of whether Section 5107A addresses the veteran's burden of production or his burden of persuasion in the context of this case. And, indeed, it would be improper for this Court to do so. The Court of Appeals for Veterans Claims did not decide that legal issue. The Court did not decide whether Section 5107A addresses the burden of persuasion or whether it addresses the burden of production. The Court simply sustained the Board's factual finding that the evidence of record was against the claim, that an opinion that cold injuries caused Mr. Dill's arthritis more than 20 years after his service has ended was only speculation. So the benefit of the doubt rule had no application in the case. Further, a decision of this Court on the proper interpretation of Section 5107A would not alter the result in the case before it because Mr. Dill's did not meet either his burden of production or his burden of persuasion. However, should the Court decide to address the legal issue, we think it's clear that Congress intended that the new Section 5107A provides that the burden of persuasion as well as the burden of production is on the veteran. And we would point to the language of the new Section 5107A which states that the claimant has the responsibility of presenting and supporting a claim for benefits. He must come forward with evidence and he must support the claim. In the final analysis, it is his burden of proof. We also agree that Section 5107A must be construed together with Section 5107B. And that section has very, very different language. We would contrast the language there which speaks of a shifting of the burden of proof with the language that is present in 5107A. Congress clearly intended that Section 5107B provide that when the evidence is in equal pose, when you have a very, very close case, that in those particular types of cases, the benefit of the doubt goes to the claimant. And so Congress has set forth very clear language as to when the burden shifts in Section 5107B and we would contrast that with the language in 5107A. Here Mr. Dills essentially is relying upon statutory language that Congress has decided to reject. In the Veterans Claim Assistance Act of 2000, Congress did away with the prior language in 5107A. And that language had a very, very different purpose. It went to the question of when the secretary had to provide assistance to the veteran. So the arguments being made here about the veteran having only to present plausible evidence, evidence that something is merely possible, evidence that one should not judge the credibility of, What do you think the minimum amount of evidence the veteran has to come forward with to survive the stage of the trial that this veteran did not is? Under the new Section 5107A, the veteran has to present credible, probative evidence that makes it more likely than not that what he is saying is true. For example, in the circumstances of this case, the veteran would have had to come forth with credible evidence that made it more likely than not that this veteran has arthritis of multiple joints, which was caused by exposure to the cold and cold injuries that he suffered 20 years previous in the 1950s. That type of evidence would have had to be presented. Well, actually, they don't have to prove more likely than not, right? Because if everything is in equipoise, we put the thumb on the scale. So that can't be the standard. 5107B says benefit of the doubt. So more likely than not requires 51 percent, and Congress has spoken directly to 50 percent. It's not a mathematical test. You said more likely than not. How can that not mean 51 percent? Well, it doesn't. And I think the case law is clear that even in interpreting preponderance of the evidence, that that's not a mathematical standard. And I would urge the Court to look at the discussion in the Cromer case where they discussed the preponderance of the evidence standard. How can the standard be more likely than not when 5107B says if everything is equal, we've got a fine for the veteran? So how can the standard be more likely than not? You have to come forward under Section 5107A. You have to come forward with evidence that makes it likely to be true that what you're saying is true. For example, you have to come forward with evidence that it's likely to be the case that your arthritis of multiple joints was caused by cold injuries 20 years previous. Some evidence that supports what you're saying. And in this case, you didn't have that. What you had was pure speculation, as the Board found. You had a statement, and I would refer to the... The record only consists of what the record consists of. Dr. Frank said, very possible, and in the very sentence following that, he said what this means is that it is only a possibility. So in Dr. Frank's world, very possible means only a possibility. And the Board construed this evidence, which is all it had, and concluded that this is pure speculation. And also it construed it in light of the testimony that it had, the evidence that it had from Dr. Keeling, that an opinion that this was arthritis, this type of arthritis was caused by cold injuries, that that would only be speculation. So on this record, all the evidence went the same way, and it would have been pure speculation. So your position is that only a possibility does not rise to the level, even giving the veteran the benefit of the doubt of any credible or plausible evidence? It does not rise to the level required by Section 5107. And the language about plausibility is really left over from the old law. That's the standards that have been used in assessing whether a veteran had put forward a well-grounded claim. And I would point the court to this... Well, let me back up and use your words that you just gave us then. Only a possibility does not rise to the level of credible probative evidence. That's your position. Yes. Yes, Your Honor. And also I would point, distinguish this situation that we have under the new law with the situation in the Hensley case. In the Hensley case, which is cited by the veteran here in oral argument, that's a case about whether or not the VA had to provide assistance to the veteran in whether a well-grounded claim was stated. And the court stated there that you don't assess the credibility of the evidence. Well, that's precisely what the Board is supposed to do. The Board is supposed to assess the credibility and probative value of the evidence that it had before it, and that's what it did in this case. And also I would point the court to the argument that was made by Mr. Dills to the Court of Appeals for Veterans Claims. In his brief at pages 11 and 13, he acknowledged that the Board is supposed to evaluate the credibility and probative value of the evidence before it, and that's what the Board did in this case. Let me ask you before you run out of time, could you take a couple of minutes and develop your jurisdictional argument that this is really not a statutory construction case? Your opponent has urged that the Veterans Court apply the wrong evidentiary standard. You have argued in your brief that this is not that type of statutory construction question, so therefore this court doesn't have jurisdiction here. Yes, Your Honor. Essentially for two reasons. The precise issue that the veteran would like this court to decide is whether Section 5107A speaks to the burden of production or the burden of persuasion. Their argument is that it's not the burden of persuasion, just the burden of production. But here the Court of Appeals for Veterans Claims did not decide that precise legal issue. What they did is sustain a factual finding by the Board as being fully supported by the record. The factual finding being that it's pure speculation to say in this case that arthritis of multiple joints that Mr. Dillis has, that that was caused by cold injuries, exposure to the cold, approximately 20 years previous. And secondly, the result in this case would not be changed if the court adopted the veteran's argument, and that is because Mr. Dillis did not meet both his burden of production as well as his burden of persuasion. Here his evidence presented is simply speculation as to causation, and that's a finding that the Board made on the entire record, looking at the record of treatment and then looking at the opinion from Dr. Keeling, the VA doctor, as well as Dr. Frank. So accordingly, we believe that this court does not have jurisdiction of the precise legal issue, and that should the court decide that it does have jurisdiction, there are abundant reasons for not deciding the legal issue in this case. The court is there for any questions? Thank you. Mr. Browning, you have a minute left. Unless the court has specific questions, I'll respond to the jurisdictional arguments that the government has raised. And again, as I think I stated earlier, I think it's quite clear from page 2 of the record that the Veterans Court wasn't just applying the law to facts here but made some generalized statements about the scope of 507A, namely that it does not extend to equivocal evidence. And I'd also like to point out that the Veterans Court specifically relied on its own decision in TURPAC, which was an interpretation of Section 507A. And so it's quite clear that this is a question within this court's jurisdiction. I'd also like, again, to invite this court to review its Hensley decision, which I would say is almost directly on point. And in that case, this court found jurisdiction. And for those reasons, I think this court should find jurisdiction on that case. Unless there are no further questions. Thank you. Thank you very much. All rise. The Honorable Court is adjourned until tomorrow morning at 10 o'clock.